UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES R. GRIFFIN,

        Plaintiff,

v.                                                      Case No. 08-C-216

MANOR CARE HEALTH,

        Defendant.

**ORDER**

Plaintiff Charles R. Griffin has brought an action against Defendant Manor Care Health alleging that Manor Care Health refused to hire him on the basis of his race, in violation of his civil rights. In addition to his complaint, Mr. Griffin has filed a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. Section 1915, however, is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Mr. Griffin has filed the required affidavit of indigence. Review of that affidavit reveals that Mr. Griffin is presently unemployed and without

other assets. The court is thus satisfied that Mr. Griffin meets the poverty requirements of 28 U.S.C. § 1915, and his motion to proceed *in forma pauperis* will be granted.

The Court now turns its attention to the substance of the complaint. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."); 28 U.S.C. § 1915(e)(2) (stating that the court must dismiss a complaint if it is frivolous or malicious, or fails to state a claim on which relief may be granted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Mr. Griffin's complaint alleges that Manor Care Health discriminated against him by refusing him a job because of his race. Mr. Griffin does not specify the nature of the job for which he applied, but claims he was a qualified candidate because of his seventeen years of experience in the health care field. Nonetheless, he claims, he was denied the job because he is a Black male, and Manor Care Health does not hire Black males, looking more favorably upon Caucasian males. This is sufficient to state a claim and to permit the case to proceed. *See Bennett v. Schmidt*, 153 F.3d

2

516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say.").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing party or its attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in 28 U.S.C. § 1915 precludes the Defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the Defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this   12th   day of March, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge